WEISBERG LAW
Mathew B. Weisberg, Attorney ID No 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiffs**

Schafkopf Law, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIYA MIRANOWIC**<br>45 Caroline Drive<br>South River, NJ 08882 | **No.** |
| and | **JURY TRIAL OF TWELVE (12) DEMANDED** |
| **VICTORIA MAZEPA**<br>88 Dulles Drive<br>Dumont, NJ 07628 | |
| **Plaintiffs,**<br>**v.** | |
| **BRANDON R. WIND, ESQ.**<br>701 West Broad Street<br>Suite 200<br>Bethlehem, PA 18018 | |
| and | |
| **PENGLASE & BENSON, INC.**<br>18 North Main Street<br>Suite 100<br>Doylestown, PA 18901<br>Defendants | |
| **Defendants.** | |

## CIVIL ACTION COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Liya Miranowic, is an adult individual residing at the above captioned address.

2. Plaintiff, Victoria Mazepa, is an adult individual residing at the above captioned address.

3. Defendant Brandon R. Wind Esq, is an attorney who was a principal and/or an associate practicing law at the time of the plaintiffs' representation with the law firm of Penglase & Benson, Inc, currently doing business at the above captioned address.

4. Defendant, Penglase & Benson, Inc., is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania having its principal place of business at the above captioned address.

5. Jurisdiction in this Honorable Court is based on a diversity of parties conferred by 28 U.S.C. § 1332, the amount in controversy, exclusive of interest and costs exceeds the sum of $75,000.00

6. Venue is proper in The United States District Court for The Eastern District of Pennsylvania as the transactions and occurrences that give rise to the cause of action have taken place in the Eastern District of Pennsylvania.

## **OPERATIVE FACTS**

7. Plaintiffs Liya Miranowic and Victoria Mazepa, mother and daughter, made extensive personal and business loans beginning in 1994 and continuing until after the year 2000, to businessman Anatoly Malozovsky and/or to his wife Irene Malozovsky.

8. Plaintiff Victoria Mazepa and Irene Malozovsky are cousins resulting in Plaintiffs willingness to provide the Malozovsky's with the requested loans.

9. Within a few years of the initial loans by Plaintiffs to the Malozovsky's the latter had filed their first Chapter 7 Bankruptcy Petition.

10. Plaintiffs had no notice or knowledge of the Bankruptcy filing, resulting in Plaintiff's debt not being included in the Malozovsky's filing.

11.  The Malozovsky's continued to borrow money for business and personal use from the Plaintiffs

12. By 1999 Plaintiffs accepted from the Malozovsky's collateral consisting of a security interest in the Malozovsky's real estate and businesses to cover the increasing loans and debts which by the year 2000 had accumulated to the aggregate level of Three Hundred Ten ($ 310,000.00) thousand dollars.

13. The actions of the Malozovsky's, on and after 1997, in soliciting and accepting increased loans and investments from the Plaintiffs at a time when secretly the Malozovsky's knew they were insolvent amounted to pervasive and blatant fraud which resulted the plaintiffs' extension of over Two Hundred ($ 200,000.00) Thousand additional dollars invested or loaned (part of the $310,000.00 enumerated above) to the plaintiffs' severe detriment.

14. The Malozovsky's, had been repaying a portion of their debt to the Plaintiffs outside of bankruptcy proceedings.

15. On or about 2010, the Malozovsky's failed to make the ongoing payments to Plaintiffs.

16. On or about May 2014 Plaintiffs hired Defendants Penglase & Benson Inc as well as then associate Brandon R. Wind to collect the money owed to Plaintiffs.

17. It was only after the Malozoysky's stopped making payments to Plaintiffs and that the Plaintiffs discovered the Malozoysky's had filed for Bankruptcy.

18. Plaintiffs provided Wind with documentation of the Malozovsky's newly-discovered Bankruptcies, including a second filing by the debtors initiated prior to their failure to continue payments.

19.  Plaintiffs specifically discussed the bankruptcy status with defendant Wind, the

fraudulent actions of the Malozoysky's payments to Plaintiffs outside the bankruptcy proceedings, and the need to pursue the collection within the bankruptcy context and otherwise.

20. Wind assured the plaintiffs of his knowledge and experience with collection matters, bankruptcy claims or objections, adversary proceedings, and all aspects of what was needed to collect the described debts owed to his clients.

21. Wind sent the Malozovsky's a detailed letter outlining the fraudulent actions undertaken by the Malozovsky's and demanding payment be made to Plaintiffs. **Exhibit A**

22. Defendants therefore had possession of all the facts and documents required to shape their opinions, approach, and actions needed to effectively pursue these claims on behalf of the Plaintiffs.

23. Instead of effective legal action, what began was almost four years of inept and substandard legal representation during which defendant Wind caused extensive delay's in resolving the matter for Plaintiffs.

24. Unbeknownst to Plaintiffs, Wind initiated two (2) separate cases on behalf of the Plaintiffs.

25. On or about June 5, 2014, Wind filed a Writ of Summons on behalf of Liya Miranowic against the Malozovsky's in the Bucks County Court of Common Pleas. (Docket Number 2014-03962) **Exhibit B**

26. On or about July 8, 2014, Wind filed a Writ of Summons on behalf of Vicki Mazepa against the Malozovsky's in the Bucks County Court of Common Pleas. (Docket Number 2014-04647) **Exhibit C**

27. On or about November 21, 2014, Liya Miranowic emailed Wind demanding that the two

cases be consolidated under one caption (as they share the same facts and parties).

**Exhibit D**

28. Wind then expended considerable additional time and energy attempting to consolidate the two cases.

29. On or about April 22, 2015, Plaintiff Victoria Mazepa send Wind an email demanding clarification as to when the two cases would be consolidated as several months had passed since Wind agreed to consolidate the cases. **Exhibit E**

30. Wind was not able to consolidate the two cases until May of 2015.

31. On or about May 12, 2015, Wind filed a Writ of Summons on behalf of both Plaintiffs in the Bucks County Court of Common Pleas. (Docket Number 2015-03557) **Exhibit F**

32. Upon filing the Writ of Summons Wind did not provide sufficient information for the Sheriff to properly serve the papers, causing further delay.

33. Wind did not serve the Writ of Summons upon the Malozovsky's until December 27, 2016.

34. On or about February 6, 2017,  nearly two years after consolidating the cases Wind filed a Civil Action Complaint on Plaintiffs' behalf.  **Exhibit G**

35. Upon information and belief, defendant Wind did not file an effective Proof of Claim within the Malozovsky's' bankruptcy, nor an adversarial proceeding, nor any action to Reopen the Bankruptcy for fraud or concealment of assets, nor any Objection to Discharge of any loans or debts.

36. Defendants Wind, and Penglase & Benson, Inc. continued for approximately ten additional months, to ineffectively pursue Plaintiffs 'claims.

37. On or about October 2, 2017, Wind emailed Plaintiffs' that he was under pressure from

the Malozovsky's attorney to drop pursuit of the Plaintiffs' claims. **Exhibit H**

38. Defendant Wind and Penglase & Benson, Inc. did discontinue the Plaintiffs' action without any result, conclusion or recovery.

39. Plaintiffs are now barred from perusing any claims against the Malozovksy's due to the statue of limitations having expired.

40. At all relevant times, Defendants failed to adhere to the standard of care required of attorneys and have caused great economic and emotional harm to Plaintiffs.

## COUNT I – LEGAL MALPRACTICE/ SIMPLE NEGLIGENCE/ PROFESSIONAL NEGLIGENCE

41. Plaintiffs repeat and re-allege each of the preceding paragraphs of this Complaint as if set forth at length.

42. Defendants owed Plaintiffs a duty of care.

43. As more fully set forth above, Defendants failed to render legal services to Plaintiff in accordance to the standard of care required of attorneys.

44. As a direct and proximate result of Defendants Attorneys' legal malpractice aforesaid, Plaintiffs were harmed and suffered significant damages, as well as other consequential and incidental damages.

45. Defendants knew or should have known that their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

46. Defendants acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

## COUNT II – BREACH OF FIDUCIARY DUTY

47. Plaintiffs repeat and re-allege each of the proceeding paragraphs of this Complaint as if set forth at length.

48. Plaintiffs and Defendants had a fiduciary relationship.

49. Defendants breached their fiduciary duties owed to Plaintiffs, as more fully set forth above, and also acted in a violation of the New Jersey Rules of Professional Conduct.

50. As a direct and proximate result of Defendants' breach of fiduciary duty aforesaid, Plaintiff has been harmed and continues to be harmed, and has incurred significant damages, as well as other consequential damages.

51. Defendants knew or should have known their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

52. Defendants acted in reckless indifference to the consequences of their actions.

## COUNT III–BREACH OF CONTRACT

53. Plaintiffs repeat and re-allege each of the proceeding paragraphs of this Complaint as if set forth at length.

54. Plaintiffs and Defendants entered into a contract for legal services.

55. Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

56. As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiff has been damaged (as set forth above).

**WHEREFORE**, Plaintiff demands judgment in their favor and against Defendant, for an amount in excess of $75,000.00, plus interest, costs of suit, attorney's fees, and punitive damages, plus other relief which this Honorable Court deems necessary and just.

Respectfully Submitted,

WEISBERG LAW                           SCHAFKOPF LAW, LLC

BY: */s/ Matthew Weisberg*             BY: _____
MATTHEW B. WEISBERG, ESQ               GARY SCHAFKOPF, ESQ
DATED: _12-4-18_                       DATED: _12-4-18_

# EXHIBIT A

Anatoly and Irene Malozovsky
25 Buck Road
Huntington Valley, PA 19006

      RE: Victoria Mazepa/Liya Miranowic

Dear Mr. and Mrs. Malozovsky:

      Please be advised that this office represents the above listed persons, Ms. Miranowic and Ms. Mazepa, and all correspondence or communication regarding them should be directed to my office.

As you are well aware, on multiple occasions, my clients have loaned to you certain sums of money. More specifically, they initially loaned you Sixty Thousand Dollars back in 1994 (a copy of the document is attached for your recollection) in which you agreed to repay the principal plus an additional amount equal to fifteen percent (15%) interest. Without notice to my clients you subsequently filed for Chapter 7 Bankruptcy protection in an effort to discharge your obligations to my clients and others. My clients were never notified of the bankruptcy and were, we believe, not listed as creditors on your petition.

As my clients were unaware of the bankruptcy filing, they agreed to extend additional loans to you in the amount of Forty Thousand Dollars ($40,000.00) on or about December 1, 1998, One Hundred Thousand Dollars ($100,000.00) on or about March 8, 1999, Twenty Thousand Dollars ($20,000.00) on or about July 1, 1999, Ten Thousand Dollars ($10,000.00) on or about December 9, 1999, Twenty Thousand Dollars ($20,000.00) or about January 14, 2000, Twenty Thousand Dollars ($20,000.00) on or about March 8, 2000, Thirty Thousand Dollars ($30,000.00) on or about July 1, 2000 and Ten Thousand Dollars ($10,000.00) on or about October 15, 2000.

It goes without saying that my clients would not have loaned additional amounts of money, well in excess of Two Hundred Thousand Dollars ($200,000.00) had they been aware of the prior bankruptcy, which was intentionally, and fraudulently, hidden from them. I'd like you to know that a loan received as a result of fraud is not dischargeable in bankruptcy and is a secure debt which must be repaid.

In addition to being loans made to you, these substantial amount of the funds given were investments into partnerships which were personally guaranteed by yourselves. These loans, both to the partnership, and to you individually, were based upon fraudulent promises made by both of you specifically designed to make us believe that you had the intention of repaying your debts. Your actions were, and remain to date, clearly a fraud to deceive my clients, your own family members. It is unconscionable that you would so willingly defraud family as you have done.

Demand for repayment of the principal investments which you started in 2004 and interrupted in 2010 is still in effect. You have repeatedly set forth your intention to pay and have repeatedly made comments about knowing the loans and investments exist and that you want to do what is right within the family.

Should you wish to resolve this amicably, and to avoid the need for protracted legal fighting and expensive legal fees, please feel free to contact me to discuss an amicable resolution regarding the same. My clients are willing to work with you to resolve this matter, including re-instituting payment terms which are beneficial to both parties. If you resume your regular monthly payments, my clients will honor the "old" deal to reimburse the full principal without paying the interest. If you refuse, we will ask for both. In any case, no doubt, it's better for you to pay back the money to your relatives towards the balance owed, than to pay substantial attorney fees. Aside from paying large legal fees, if you refuse to repay the money, we will not only ask you to pay the principal and the interest, but we will also ask the Court to take into receivership any and all assets which are owned by you and we will fight you in every way possible until the money is reimbursed.

To avoid it, we hope that you make the right decision to honestly repay your debts, which will positively affect you, my clients and the whole family bringing peace to everyone involved.

We look forward to hearing from you in an effort to resolve this amicably

Respectfully,

Brandon R. Wind

BRW/
Cc: Clients

# EXHIBIT B

PENGLASE & BENSON, INC.
Brandon R. Wind, Esquire
I.D. No. 78229
110 North Main Street
Doylestown, PA 18901
(215) 348-4416

*Attorney for Plaintiff Liya Miranowic*

| | |
|---|---|
| LIYA MIRANOWIC<br>45 Caroline Drive<br>So River NY 08882<br>     PLAINTIFF | : IN THE COURT OF COMMON PLEAS<br>: OF BUCKS COUNTY, PA<br>:<br>: CIVIL ACTION - LAW<br>: |
| V. | : |
| ANTHONY MALOZOVSKY and<br>IRENE MALOZOVSKY h/w<br>25 Buck Road<br>Huntingdon Valley, PA  19006 | : NO.<br>:<br>:<br>:<br>: |

Case #: 2014-03962  B09   10573116
Code: 112       Judge:27
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: 2014-36-02179  6/8/2014 12:06:19 PM

---

### PRAECIPE TO ISSUE WRIT OF SUMMONS

### CIVIL ACTION

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons against Defendants, Anthony Malozovsky and Irene Malozovsky, concerning the above captioned matter.

____X____ Writ of Summons shall be issued and forwarded to Attorney/Sheriff

Date: _6 - 5 - 14_

                    Penglase & Benson, Inc.

                    By:_____
                    Brandon R. Wind, Esquire
                    Attorney for Plaintiff

# EXHIBIT C

PENGLASE & BENSON, INC.
Brandon R. Wind, Esquire
I.D. No. 78229
110 North Main Street
Doylestown, PA 18901
(215) 348-4416

*Attorney for Plaintiff Vicki Mazepa*

| | |
|---|---|
| Vicki Mazepa<br>45 Caroline Drive<br>So River NY 08882 | : IN THE COURT OF COMMON PLEAS<br>: OF BUCKS COUNTY, PA<br>: |
| PLAINTIFF | : CIVIL ACTION - LAW<br>: |
| V. | :<br>: |
| ANTHONY MALOZOVSKY and<br>IRENE MALOZOVSKY  h/w<br>25 Buck Road<br>Huntingdon Valley, PA  19006 | : NO.<br>:<br>:<br>: |

Case #: 2014-04847  B09   10605737

Code: 112        Judge:33
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: 2014-32-02055   7/8/2014 3:20:48 PM

---

## PRAECIPE TO ISSUE WRIT OF SUMMONS

## CIVIL ACTION

TO THE PROTHONOTARY:

    Kindly issue a Writ of Summons against Defendants, Anthony Malozovsky and Irene Malozovsky, concerning the above captioned matter.

___X___ Writ of Summons shall be issued and forwarded to Attorney/Sheriff

Date: 7/8/2014

                    Penglase & Benson, Inc.

                    By:_____
                    Brandon R. Wind, Esquire
                    Attorney for Plaintiff

# EXHIBIT D

We really hope that we can work together and look forward to a good business relationship.

Have a very Happy Thanksgiving.


Sincerely,


Liya and Victoria


**From:** Brandon Wind Esq <bwind@penglaseandbenson.com>
**Date:** Friday, November 21, 2014 at 11:04 AM
**To:** Vicki Mazepa <vmazepa1@gmail.com>
**Subject:** Re: John Benson and I are updating you on the documents

Liya-

I will take the steps necessary to have the matters consolidated under one caption. That will be done at my expense. The address does not need to be changed at this time.

I will discuss any other financial matter with my partners.

Sent from my iPhone

On Nov 21, 2014, at 8:09 AM, Vicki Mazepa <vmazepa1@gmail.com> wrote:

> Brandon,
>
> Finally, after such a long wait we got the documents, which you were obligated to send us right away without our numerous demands and without writing to John Benson. I'll be honest with you, after seeing those documents we are both outraged, because you didn't process our case properly from the start and you continued to add one mistake after another:
>
> 1. I didn't ask you to file two separate cases – one for me and one for Vicki. I could never imagine that you would do such a thing. You made a second fatal mistake after the first one, when you without any proper justification and without consulting with us excluded Vicki, which jeopardized my case right from the start. I explained to you then that it was absolutely necessary for us to be together in one case. My expectation was that you would add Victoria's name to my case, like we agreed originally. You didn't do that, filing it separately instead, which is equal to me losing the case. You obviously didn't pay too much attention to what I explained to you earlier regarding the bare necessity for us to have one joined case. If you would've at least sent me those documents on time, I would've immediately pointed that out to you. Instead I got it a half a year later only to find out that you didn't fix your original major mistake properly, making a new one instead and once again jeopardizing my case in a different way.

2. You were informed on more than one occasion that my daughter is officially Victoria Mazepa, not Vicki Mazepa. Vicki is short for Victoria. Besides that, she doesn't live at 45 Caroline Drive in South River.      She has a different address, which you should've known if you acted properly.

I have no choice, but to demand from you to fix everything I just pointed out. Our case should have one docket number, not two, and it should read:

LIYA MIRANOWIC AND VICTORIA MAZEPA

                    PLAINTIFFS

V.

ANTHONY MALOZOVSKY AND IRENE MALOZOVSKY

                    DEFENDANTS

Or if it's absolutely necessary to add the address,

| LIYA MIRANOWIC     and | VICTORIA MAZEPA |
| 45 Caroline Drive | 88 Dulles Drive, |
| South River, NJ 08882 | Dumont, NJ 07628 |

                    PLAINTIFFS

V.

ANTHONY MALOZOVSKY  and  IRENE MALOZOVSKY
25 Buck Road,
Huntington Valley, PA 19006

                    DEFENDANTS

You must fix it right away, considering how much time you already wasted, and you must do it at your own expense, not mine, like you did last time.

Talking about expenses, I asked you many times to properly adjust our account. You didn't say anything regarding that important issue in your correspondence.

We are asking you to respond immediately to all the issues raised in this e-mail.


Liya

# EXHIBIT E

**Subject:** RE: update

**Date:** Wednesday, April 22, 2015 at 9:41:34 AM Eastern Daylight Time

**From:** Brandon Wind

**To:** 'Vicki Mazepa'

I have been to the Court on 2 occasions trying to get the matter finalized.  I am waiting on them confirming that it is done.  I have been expecting it for the past few days and will be going back over there again to see whether it is completed today.

**From:** Vicki Mazepa [mailto:vmazepa1@gmail.com]
**Sent:** Wednesday, April 22, 2015 9:07 AM
**To:** Brandon Wind
**Subject:** Re: update

Brandon,

Every time we asked you if you consolidated our case, you always promise to go to Court next day, finalize it and let us know. After that you always disappear until our next e-mail leaving us guessing. We are sick and tired of waiting. So, once and for all, please give us a straight answer if the case is finally consolidated after such a long wait.

You waisted a whole year and didn't move forward to achieve what we hired you for. We feel that you completely mishandled our case and we would like you to prove us wrong.

So, once again, for God knows which time, we are asking you where we stand with our consolidation and the settlement letter?

Please let us know right away,

Liya and Victoria

**From:** Brandon Wind <bwind@penglaseandbenson.com>
**Date:** Friday, April 10, 2015 at 9:45 AM
**To:** Vicki Mazepa <vmazepa1@gmail.com>
**Subject:** RE: update

I had hoped to send both together.

I went over to the Court to Administration to see whether I could get this resolved quickly.  I had hoped to take care of it that day but am awaiting word from Court Administration.  I will be back there this afternoon on another matter and will see if it is resolved.  I am hopeful and optimistic.

**Subject:** Re: update on matter
**Date:** Tuesday, October 3, 2017 at 9:45:43 AM Eastern Daylight Time
**From:** Vicki
**To:** Brandon Wind

Brandon,

You had a wrong strategy from the start making one mistake after another. It was your responsibility to do the right thing for the case (and not ours!), but seeing that you're not doing it and after talking to other attorneys we asked you on many occasions to file the motion with the Bankruptcy Court for non-dischargeability of our money, based on the Defendant's fraud and on the fact that they intentionally and consciously didn't include us into the bankruptcy, acknowledging their debts instead by paying them long after the bankruptcy and making them secured.

You didn't do it jeopardizing our case  and allowing Mr. Kaliner to threaten us now and file his motion only because you didn't file yours on time. You got us into this situation and you must find a solution to get us out, without losing the case.

Liya and Victoria

On Oct 2, 2017, at 12:13 PM, Brandon Wind <bwind@penglaseandbenson.com> wrote:

> Vicki-
>
> I have just gotten off the phone with Mr. Kaliner.  He is preparing to file a Motion with the Bankrutpcy Court to hold us in violation of the discharge of debtor.  If he does go ahead and file that, he will make the argument that I forwarded to you a few months back, that the Court's have taken the position that in circumstances like these, the discharge was effective as against the debts that he owed you (even though the debts were erroneously ommitted from the schedules).
>
> The Courts have been pretty clear, and I haven't been able to find an exception to this, that they are willing to err on the side of the Debtor (meaning that the Court will probably agree with him).
>
> I have made my arguments to him as we discussed.  He is unmoved and hasn't changed his position.
>
> If we proceed, there is a chance that we will be sanctioned by the Bankrutpcy Court.
>
> He has given us until the end of the week to agree to end the lawsuit or he will file the Motion seeking the sanctions against us.
>
> This has nothing to do with time lapsed....he takes the position that this debt hasn't been owed since the bankruptcy was discharged and there was nothing we could have done about it since then.
>
> Brandon R. Wind, Esquire
> PENGLASE AND BENSON, INC.
> 18 North Main Street

# EXHIBIT F

PENGLASE & BENSON, INC.
Brandon R. Wind, Esquire
I.D. No. 78229
110 North Main Street                    JURY TRIAL DEMANDED
Doylestown, PA 18901
(215) 348-4416

_Attorney for Plaintiff Liya Miranowic_

LIYA MIRANOWIC                    : IN THE COURT OF COMMON PLEAS
45 Caroline Drive                 : OF BUCKS COUNTY, PA
So River NY 08882                 :
                                  : CIVIL ACTION - LAW
            and                   :
                                  :
VICTORIA MAZEPA                   :
88 Dulles Drive                   :
Dumont, NJ 07628                  :
                                  :
V.                                :
                                  :
ANATOLY MALOZOVSKY and            : NO.
IRENE MALOZOVSKY  h/w             :
25 Buck Road                      :
Huntingdon Valley, PA  19006      :

Case #: 2015-03557  B09   10869836
Code: 0       Judge:39
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: 2015-41-00572  5/12/2015 12:03:13 PM

## SUMMONS IN CIVIL ACTION

TO:   ANATOLY MALOZOVSKY AND IRENE MALOZOVSKY

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE
COMMENCED AN ACTION AGAINST YOU.

        Patricia L. Bachtle,
        Prothonotary

Date: 5/12/15                By: _Jacqueline M Frankel_
                                 Deputy

# EXHIBIT G

PENGLASE & BENSON, INC.
Brandon R. Wind, Esquire
I.D. No. 78229
110 North Main Street
Doylestown, PA 18901
(215) 348-4416

*Attorney for Plaintiffs*

| | |
|---|---|
| Liya Miranowic<br>45 Caroline Drive<br>So River NJ 08882 | : IN THE COURT OF COMMON PLEAS<br>: OF BUCKS COUNTY, PA<br>: |
| And | : JURY TRIAL DEMANDED<br>: |
| Victoria Mazepa<br>88 Dulles Drive<br>Dumont, NJ 07628<br>　　　　　　　PLAINTIFFS | :<br>:<br>:<br>: CIVIL ACTION - LAW |
| V. | :<br>: |
| ANATOLY MALOZOVSKY<br>(a/k/a Anthony Malozovsky)<br>and<br>IRENE MALOZOVSKY h/w<br>25 Buck Road<br>Huntingdon Valley, PA  19006 | :<br>:<br>: NO. 2015-03557<br>:<br>: |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) DAYS after this Complaint and Notice are served by entering a written appearance personally or by attorney, and filing in writing with the Court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE.

**Bucks County Bar Association**
**135 East State Street**
**P. O. Box 300**
**Doylestown, PA  18901**
**215-348-9413**
**(fax) 215-348-3277**

<u>AMERICANS WITH DISABILITIES ACT OF 1990</u>

The Court of Common Pleas of Bucks County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact our office. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled conference or hearing.

PENGLASE & BENSON, INC.

By: _____
Brandon Wind, Esquire
Attorney I.D. No. 78229
18 North Main Street
Doylestown, PA 18901
(215) 348-4416
Attorney for Plaintiffs

PENGLASE & BENSON, INC.
Brandon R. Wind, Esquire
I.D. No. 78229
110 North Main Street
Doylestown, PA 18901
(215) 348-4416

*Attorney for Plaintiffs*

---

Liya Miranowic                        : IN THE COURT OF COMMON PLEAS
45 Caroline Drive                     : OF BUCKS COUNTY, PA
So River NJ 08882                     :
                                      :
        And                           : JURY TRIAL DEMANDED
                                      :
Victoria Mazepa                       :
88 Dulles Drive                       :
Dumont, NJ 07628                      :
                PLAINTIFFS            : CIVIL ACTION - LAW
                                      :
        V.                            :
                                      :
ANATOLY MALOZOVSKY                    :
(a/k/a Anthony Malozovsky)            :
and                                   : NO.2015-03557
IRENE MALOZOVSKY  h/w                 :
25 Buck Road                          :
Huntingdon Valley, PA  19006          :

RECEIVED 2017 FEB -6  A 9: 16

---

## COMPLAINT

Plaintiffs Liya Miranowic and Victoria Mazepa ("Plaintiffs") hereby Complain as against the Defendants and in support thereof aver as follows:

1. Liya Miranowic is an adult individual with a primary residence of 45 Caroline Drive, South River, New Jersey.

2. Victoria Mazepa is an adult individual with a primary residence of 88 Dulles Drive, Dumont, New Jersey.

3. Anatoly Malozovsky (a/k/a Anthony Malozovsky) and Irene Malozovsky are married adults with a primary address of 25 Buck Road, Huntington Valley, Pennsylvania.

4. Starting in 1994, the Plaintiffs did begin to lend  money to the Defendants for their business and personal use.

5. At a time subsequent to the borrowing of the money from the Plaintiffs, the Defendants filed for a personal Chapter 7 Bankruptcy to discharge many of their personal debts.

6.  The obligation connected to the money loaned and invested from the Plaintiffs was not included in the filing and the Plaintiffs were never notified of the bankruptcy.

7.  Subsequent to the filing of the bankruptcy, the Defendants approached the Plaintiffs again for additional investment loans while still never disclosing the bankruptcy to the Plaintiffs.

8.  As a result, from October of 1994 until March of 1999 Defendants borrowed from the Plaintiffs the amount of $200,000.00 through different loans, promising to pay annual interest at 15%. There was no specific time period of repayment on the loans.

9.  Further, not knowing about the prior bankruptcy, in July of 1999 Plaintiffs agreed to form a new business partnership with the Defendants. Since that time the Plaintiffs invested an additional $110,000.00 into that partnership.

10. Altogether the Plaintiffs have loaned and invested money with the Defendant in the amount of $310,000.00 with the Defendants agreeing that their home was to be used as collateral for all the outstanding debt.

11. The parties agreed to modify the outstanding Agreements in September 2004 with Plaintiffs agreeing to eliminate the interest under the condition that Defendants reimbursed a full principal of $310,000.00, consistently making monthly payments of $2,500 until everything was repaid.

12. Defendants honored that deal up to 2010, with inconsistent payments of less than $2500, resulting in the total reimbursement of $50,800.00.

13. To date, the invested money has not been repaid, leaving the difference of $259,200.00 unreimbursed.

14. Defendants acknowledged the debt but have failed to continue to make payments, resulting in the Plaintiffs sending a demand for payment in the summer of 2015, seeking the remaining principal owed and setting forth that failure to receive payment would enable Plaintiffs to seek the amount owed plus the interest permitted under the prior agreements, up to 15% for the investment amounts and the most permitted by law for any other amounts.

15. Plaintiffs have determined that the funds loaned and invested with the Defendants may have been used for personal obligations of the Defendants and despite demand for the repayment, made in July 2015, none has been forthcoming.

16. As Defendants failed to fulfill the Agreement which waived the interest, the Plaintiff now seek the interest on the payments.

17. Plaintiffs were also unaware and were not informed that besides filing for bankruptcy in 1997, the Defendants filed for another bankruptcy in 2004, which

was discharged in 2008. Then, just two years later, in 2010, they filed for a new bankruptcy again.

18. Knowing the Defendant's past, the Plaintiffs believe and therefore aver that Defendants are planning a new bankruptcy to get rid of their financial obligations to the Plaintiffs and, possibly, others.

## COUNT I
## BREACH OF CONTRACT
Plaintiffs v. All Defendants

19. Plaintiffs incorporate the preceding paragraphs as fully as if set forth herein at length.

20. Plaintiffs and Defendants had entered into an ongoing contract on or about 1994, wherein the parties agreed to work together for the benefit of each other.

21. Further, the Plaintiffs loaned and invested money with the Defendants over time for the purpose of furthering their general partnership.

22. The Plaintiffs and Defendants revised their Agreement as recently as 2004 and created an Agreement with no end date for the purpose of repayment.

23. Plaintiffs have fulfilled their part of the agreement in diligent form.

24. Defendants have breached their duties by engaging in acts which were clearly detrimental to both the entity and to Plaintiffs.

25. The breach of the duty owed by Defendants to Plaintiffs has been the proximate cause of the damage suffered by Plaintiffs, more specifically the money which Plaintiffs would have been entitled to had Defendants not breached the contract.

26. The actions undertaken by the Defendants were specifically designed to benefit the Defendants at the expense of the Plaintiffs.

27. Plaintiffs are entitled to be made whole by Defendants and to receive the funds which have never been repaid by the Defendants.

WHEREFORE, Plaintiffs pray this Honorable Court will enter judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars, plus attorney fees and costs along with any other remedy this Court deems proper.

COUNT II
BREACH OF FIDUCIARY DUTY
Plaintiffs v. Defendants.

28. Plaintiffs incorporate the preceding paragraphs as fully as if set forth herein at length.

29. As a partner in the general partnership between the parties, each owes a fiduciary duty of loyalty and good faith to the partnership and the other partners, including Plaintiffs. Defendants' fiduciary duties include but are not limited to obligations to exercise good business judgment, to act prudently, to discharge their actions in good faith, to act in the best interest of the partnership and to put the interests of the partnership before their own.

30. Defendant breached their fiduciary duty of care by, amongst other things, routinely mismanaging the partnership and invested funds and failing to comply with the agreements between themselves and the Plaintiffs.

31. Defendants breached their duty of loyalty and good faith by, among other things, failing to comply with agreements between themselves and the Plaintiffs. The breach includes, but is not limited to, converting funds intended for the general partnership to be used for personal use.

32. Plaintiffs have been damaged by the Defendants' breach of the fiduciary duty.

WHEREFORE, Plaintiffs pray this Honorable Court will enter judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars, plus attorney fees and costs along with any other remedy this Court deems proper.

COUNT III
ACCOUNTING
Plaintiffs v. Defendants.

33. Plaintiffs incorporate the preceding paragraphs as if set forth herein at length.

34. Defendants have repeatedly refused to provide a full and proper accounting of all the funds which were diverted for their personal use.

35. Having excluded Plaintiffs from the day to day accounting, which is handled by the Defendants, the Defendants have a duty to account.

36. By virtue of Plaintiffs being excluded from the daily accounting and by Defendants' other improper conduct as aforesaid, Plaintiffs are entitled to an account by the

Defendants of all monies which have been wasted, converted and/or lost by virtue of the breach of obligations and as may be determined in discovery.

WHEREFORE, Plaintiffs demand an accounting and the entry of judgment in their favor and against the Defendants, jointly and severally, for the value of the monies and property which is shown by such accounting to have been wasted, converted or lost through misconduct, mismanagement and breach of obligations.

## COUNT IV
## FRAUD
### Plaintiffs v. Defendants

37. Plaintiffs incorporate the preceding paragraphs as if set forth herein at length.

38. Defendants promised the Plaintiffs that they were going to take care of the financial aspect of the investments, including the financial records, payments and receipts and that Plaintiffs would be repaid accordingly.

39. Defendants did this with the full intent to keep most of the money without repayment.

40. Plaintiffs reasonably relied upon the promise of Defendants that they were going to handle the financials in a manner consistent with a partnership.

41. Defendants intentionally failed to inform Plaintiffs of certain material facts, most specifically the filing of personal bankruptcies and their intent to not repay most of the monies loaned and invested by the Plaintiffs because of that deception.

42. Defendants further failed to disclose to the Plaintiffs that the monies were being used for personal expenses.

43. Defendants additionally promised their home as collateral for the loans and investments when the Defendants knew there was no equity in the house.

44. Plaintiffs relied to their detriment on the Defendants' misrepresentations and omissions and were deceived by the Defendants' fraudulent conduct.

45. Plaintiff believes and therefore avers that Defendants knew the documents they were providing to the Plaintiffs were fraudulent and had no value.

46. Plaintiffs believe and therefore aver that Defendants knowingly withheld information from the bankruptcy court, including assets and liabilities related to the Plaintiffs, specifically to assist them in continuing the fraudulent behavior towards the Plaintiffs and manipulating the legal system to their advantage.

47. As a result of Defendants' acts and omissions, Plaintiffs have been fraudulently induced into believing that the Defendants intended to honor the Agreements and that the Plaintiffs would be repaid the money they loaned.

48. Had Plaintiffs been aware of the intentional omissions, Plaintiffs would have been in a position not to lend and invest the additional money and limit their losses.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgement in their favor and against all Defendants, jointly and severally:

a) awarding Plaintiffs compensatory damages for all pecuniary loss resulting from the misconduct of the Defendants;

b) awarding Plaintiffs punitive damages for the willful, wanton, deliberate and malicious acts of the Defendants;

c) awarding Plaintiffs the costs of this suit, including reasonable attorney fees; and

d) awarding Plaintiffs such other relief as this Court deems appropriate under the circumstances.

## COUNT V
### Civil Conspiracy
### Plaintiffs v. All Defendants

49. Plaintiffs incorporate the preceding paragraphs as if set forth herein at length.

50. Defendants all agreed that they would use the funds received from the Plaintiffs for their personal use.

51. The Defendants worked together to persuade the Plaintiffs to loan and invest substantial sums of money with the Defendants knowing that they would never repay the obligation and refusing to repay most of the funds when demanded.

52. Defendants further worked together to hide from disclosure the bankruptcy filings that would have alerted the Plaintiffs to the Defendants true intent of receiving the loans and investments when they had no intention of repaying the debts and obligations in full.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally:

a) awarding Plaintiffs compensatory damages for all pecuniary loss resulting from the misconduct of the Defendants;

b) awarding Plaintiffs punitive damages for the willful, wanton, deliberate and malicious acts of the Defendants;

c) awarding Plaintiffs the costs of this suit, including reasonable attorney fees;

and

d) awarding Plaintiffs such other relief as this Court deems appropriate under the circumstances.

Date:

PENGLASE AND BENSON

Brandon R. Wind, Esquire
Attorney for Plaintiffs

## VERIFICATION

I, Brandon Wind, verify that I am authorized on behalf of the Plaintiffs and that the statements made in the forgoing document are true and correct to the best of our knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
(Name)

# EXHIBIT H

**Subject:** Re: update on matter

**Date:** Tuesday, October 3, 2017 at 9:45:43 AM Eastern Daylight Time

**From:** Vicki

**To:** Brandon Wind

Brandon,

You had a wrong strategy from the start making one mistake after another. It was your responsibility to do the right thing for the case (and not ours!), but seeing that you're not doing it and after talking to other attorneys we asked you on many occasions to file the motion with the Bankruptcy Court for non-dischargeability of our money, based on the Defendant's fraud and on the fact that they intentionally and consciously didn't include us into the bankruptcy, acknowledging their debts instead by paying them long after the bankruptcy and making them secured.

You didn't do it jeopardizing our case  and allowing Mr. Kaliner to threaten us now and file his motion only because you didn't file yours on time. You got us into this situation and you must find a solution to get us out, without losing the case.

Liya and Victoria

On Oct 2, 2017, at 12:13 PM, Brandon Wind <bwind@penglaseandbenson.com> wrote:

> Vicki-
>
> I have just gotten off the phone with Mr. Kaliner.  He is preparing to file a Motion with the Bankrutpcy Court to hold us in violation of the discharge of debtor.  If he does go ahead and file that, he will make the argument that I forwarded to you a few months back, that the Court's have taken the position that in circumstances like these, the discharge was effective as against the debts that he owed you (even though the debts were erroneously ommitted from the schedules).
>
> The Courts have been pretty clear, and I haven't been able to find an exception to this, that they are willing to err on the side of the Debtor (meaning that the Court will probably agree with him).
>
> I have made my arguments to him as we discussed.  He is unmoved and hasn't changed his position.
>
> If we proceed, there is a chance that we will be sanctioned by the Bankrutpcy Court.
>
> He has given us until the end of the week to agree to end the lawsuit or he will file the Motion seeking the sanctions against us.
>
> This has nothing to do with time lapsed....he takes the position that this debt hasn't been owed since the bankruptcy was discharged and there was nothing we could have done about it since then.
>
> Brandon R. Wind, Esquire
> PENGLASE AND BENSON, INC.
> 18 North Main Street